IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE, <br><br> Plaintiff, <br><br> v. <br><br> THERESA M. BOOKER, *et al.*,, <br><br> Defendant. | Civil Action No.: RDB-08-1183 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") brings this action against Defendants Theresa M. Booker ("Booker") and Eula Dennison ("Dennison") seeking declaratory judgment, equitable subrogation, a constructive trust and claiming unjust enrichment to clarify its rights to the real property in Owings Mills, Maryland, formerly owned and currently inhabited by Booker. Pending before this Court is Plaintiff Deutsche Bank's Motion for Summary Judgment (Paper No. 24).[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Plaintiff Deutsche Bank's Motion for Summary Judgment (Paper No. 24) is GRANTED.

## BACKGROUND

Defendant Theresa Booker formerly owned real property in Owings Mills, Maryland ("the Property"). Mot. Summ. J. at 1. In 2001, Booker was notified that she was delinquent on her mortgage payments for the Property. *Id*. at 2. On April 26, 2001, the lender docketed a foreclosure. Mot. Summ. J. Ex. B. Booker responded by filing for bankruptcy in the United States Bankruptcy Court for the District of Maryland under Chapter 13 of the Bankruptcy Code,

---

[1] Defendant Booker submitted a Response in Opposition to Plaintiff's Motion for Summary Judgment (Paper No. 25). Defendant Dennison has not filed a Response.

pursuant to 11 U.S.C. § 1301 *et seq.*, which delayed foreclosure on the Property by the bank. Mot. Summ. J. Ex. A at 24-25. However, Booker subsequently failed to make the required payments under Chapter 13. Mot. Summ. J. Ex. E. Accordingly, on May 20, 2003, the U.S. Bankruptcy Court for the District of Maryland dismissed her case. *Id*. During the following two years, Booker repeated this exact same process two more times. Mot. Summ. J. Exs. F, G. For a second and third time, Booker filed for bankruptcy under Chapter 13 in U.S. Bankruptcy Court, each time hiring a new lawyer and continuing to delay foreclosure. *Id*. For a second and third time, Booker's case was dismissed because she failed to make her required payments. *Id*. On August 5, 2005, as a result of Booker's apparent inability to make any sort of payments towards the Property, the bankruptcy court lifted the automatic stay of the foreclosure. Mot. Summ. J. Ex. G.

On September 2, 2005, Booker devised a new plan to avoid foreclosure – selling the Property to Defendant Eula Dennison, whose daughter promised in return that Booker could continue living at the Property and buy it back after one year. *Id*. Ex. A at 85-86, Ex. N. Dennison paid for the Property by obtaining a purchase money loan from Fremont Investment & Loan ("Fremont"), which was secured by a deed of trust ("Freemont Deed of Trust"). *Id*. Exs. I, J. The Fremont loan paid off Booker's existing mortgage debt, which amounted to $144,350.69. *Id*. Ex. I. Dennison also gave Booker $20,543.42 in cash out of the loan. *Id*. Ex. A at 71; Ex. I line 203.

On August 9, 2006, Dennison refinanced the Freemont Deed of Trust with a new loan from NovaStar Mortgage, Inc. ("NovaStar"), who secured its loan with a new deed of trust ("NovaStar Deed of Trust"). Mot. Summ. J. Exs. K, L. At the time Dennison refinanced, she owed $233,897.30 on the Freemont Deed of Trust. *Id*. Ex. K, line 104. As part of the

refinancing, NovaStar paid off the Fremont Deed of Trust so that the NovaStar Deed of Trust would be a first priority lien on the Property. *Id.* Ex. K, line 104. On September 1, 2006, NovaStar assigned all of its rights, title, and interest in the NovaStar Deed of Trust to Plaintiff Deutsche Bank. Mot. Summ. J. at 4. On April 13, 2007, Booker filed and recorded a Notice of Revocation of Power of Attorney and Rescission and Cancellation of Foreclosure Consultant Contract and Foreclosure Reconveyance Deed ("Notice of Rescission and Cancellation"). Booker Opp. Ex. D. On June 27, 2007, Deutsche Bank commenced foreclosure proceedings against Booker under the NovaStar Deed of Trust because the loan was in default. Mot. Summ. J. at 4; Ex. M. However, Booker filed a Complaint in the Circuit Court for Baltimore County, Maryland alleging that she is the victim of a Foreclosure Rescue Scheme, and that Dennison and Murphy perpetrated a Foreclosure Rescue Scam against her, thereby violating several provisions of Maryland's Protection of Homeowners in Foreclosure Act ("PHIFA"). Mot. Summ. J. at 1-4. Booker claims that when she sold her home to Dennison she believed she was lawfully refinancing her existing mortgage to avoid foreclosure with the mortgager. Booker Opp. Ex. B. Booker's allegation clouds title to the Property, thus Deutsche Bank has had to stop the foreclosure proceedings. Mot. Summ. J. at 4. Booker has lived on this Property for eight years without making any mortgage payments. Mot. Summ. J. at 1.

Deutsche Bank now files for equitable relief, claiming that it had no knowledge of any alleged fraud when it acquired the NovaStar Deed of Trust. Mot. Summ. J. at 5. Deutsche Bank also contends that Fremont and NovaStar had no knowledge of any alleged fraud when they made their loans. Mot. Summ. J. at 5. This Court has diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332, because the parties are residents of different states and the amount in controversy exceeds $75,000.

## **STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). In that context, a court is obligated to consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).

## **ANALYSIS**

Deutsche Bank has moved this Court to enter summary judgment against Defendants on the basis that Defendants have failed to present sufficient evidence to create an issue of material fact on any of their claims. Because jurisdiction is based on diversity of citizenship, this Court applies Maryland law in deciding this Motion for Summary Judgment. *See Erie R.R. Co. v.*

*Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."); *Limbach Co., LLC v. Zurich Am. Ins. Co.*, 396 F.3d 358, 361 (4th Cir. 2005) ("The district court must apply the law of the forum state, including its choice of law rules.").

**I.      Bona Fide Purchaser (Count I)**

Deutsche Bank argues that its deed of trust is valid and enforceable because it was a bona fide purchaser for value. Mot. Summ. J. at 5. An entity is a bona fide purchaser if it (1) gave value for the property, (2) acted in good faith, and (3) did not have notice of "any infirmity in the title." *Washington Mut. Bank v. Homan*, 186 Md. App. 372, 390 (Md. Ct. Spec. App. 2009) (quoting *People's Banking Co. v. Fidelity & Deposit Co.*, 165 Md. 657 (1934)). "A mortgagee is treated as a purchaser, and whe[n] title is perfect on its face and no known circumstances exist to . . . put a purchaser on inquiry, one who buys bona fide and for value occupies one of the most highly favored positions in the law." *Irvington Fed. Sav. & Loan Ass'n of Baltimore City v. West*, 194 Md. 211, 221 (1950).

Booker argues that Deutsche Bank did not exercise reasonable diligence to ascertain any defect of title, and that it was not a bona fide purchaser for value because it had constructive knowledge of the defective title. Booker Opp. at 5-6. Booker bases this contention on the affidavit Deutsche Bank submitted of Lonna Cross, a senior manager at Saxon Mortgage Services, Inc., the servicer for the loan at issue, which states that Deutsche Bank acquired legal title on November 1, 2007 – over six months after Booker filed a Notice of Rescission and Cancellation on April 13, 2007. *Id.* However, Deutsche Bank has since submitted a revised affidavit indicating that this date was a typographical error, and that Deutsche Bank actually acquired legal title on September 1, 2006, well before Booker filed notice in the land records.

Reply at 1; Revised Lonna Cross Aff. Indeed, Deutsche Bank's Motion for Summary Judgment refers to the date it acquired legal title as September 1, 2006. Mot. Summ. J. at 4. Furthermore, as Deutsche Bank points out, it began foreclosure proceedings on June 27, 2007, which would have been impossible had Deutsche Bank not acquired the NovaStar Deed of Trust until November 1, 2007. Reply at 1, n. 1. Booker provides no other evidence that Fremont was aware of the alleged fraud before it acquired its rights in the Property other than this typo. Mot. Summ. J. Ex. A at 57. There was nothing in the transaction between NovaStar and Dennison that would have indicated to NovaStar that there had been any alleged fraud, nor in the transaction between NovaStar and Deutsche Bank that would have indicated to Deutsche Bank that there had been any alleged fraud. Mot. Summ. J. at 7.

Nonetheless, even had Deutsche Bank obtained rights to the Property after Booker filed a Notice of Rescission and Cancellation, Deutsche Bank would still be a bona fide purchaser for value. As explained in *Julian v. Buonassissi*, 183 Md. App. 678 (2009), an almost identical case to the one at bar: "if property is sold to a bona fide purchaser by one who acquired the property by fraud, while the agreement between the parties thereto is voidable, the bona fide purchaser takes an indefeasible title." *Id*. at 696. There is no dispute that Deutsche Bank acquired all rights, title and interest in the Property from NovaStar. There is no debate that NovaStar was a bona fide purchaser when it acquired its interest in the property. Therefore, even if Booker had been the victim of fraud, when Deutsche Bank acquired its rights in the Property from NovaStar, it became entitled to the same protection as NovaStar as a bona fide purchaser, regardless of any notice of a prior encumbrance. Deutsche Bank is a bona fide purchaser for value of the Property and the NovaStar Deed of Trust that Deutsche Bank holds is valid and enforceable. Accordingly, Deutsche Bank is entitled to summary judgment on Count I.

**II.     Equitable Doctrines (Counts II, III and IV)**

Given that this Court has found Deutsche Bank to be a bona fide purchaser for value, Deutsche Bank's remaining claims are unnecessary.  Nonetheless, for the sake of clarity this Court will briefly address the remaining counts regarding the doctrines of equitable subrogation, constructive trust and unjust enrichment.  First, there is no dispute that Fremont paid off Booker's mortgage debts in full.  Therefore, Deutsche Bank is equitably subrogated to the mortgage liens that Fremont paid off on September 2, 2005 amounting to $144,350.69.  Mot. Summ. J. Ex. I, lines 504, 505.  *See G.E. Capital Mort. Servs.*, 338 Md. 227, 237 (1995) ("one who pays the mortgage of another and takes a new mortgage as security will be subrogated to the rights of the first mortgage.").  Second, there is no question that Fremont paid $232,000 in purchase money loan proceeds to finance Booker's sale of the Property to Dennison, nor is there any question that Booker used the loan to pay off all her existing mortgage debt and received over $20,000 in cash at settlement.  Yet, Booker has failed to make any payments on the Property for eight years but continues to reside there.  Therefore, a constructive trust is warranted so that she cannot keep the Property without making any payment on it at Deutsche Bank's expense.  *See Wimmer v. Wimmer*, 287 Md. 663, 668 (Md. 1980).  Finally, for the same reasons, Deutsche Bank is entitled to the Property under the doctrine of unjust enrichment.  *Id.* Accordingly, Deutsche Bank is entitled to summary judgment as to Counts II, III and IV.

For the reasons stated above, Plaintiff Deutsche Bank's Motion for Summary Judgment (Paper No. 24) is GRANTED.

A separate Order follows.

Dated: January 25, 2010                                  /s/_____
                                                                          Richard D. Bennett
                                                                          United States District Judge